**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 24, 2006**

**TENTH CIRCUIT**

SHANE BURDEN,

          Plaintiff - Appellant,

v.

DRDC WARDEN, Under Color of
State Law, Official Capacity;
ATTORNEY GENERAL, Under Color
of State Law, Official Capacity,

          Defendants - Appellees.

No. 06-1175

(D.C. No. 06-CV-51-ZLW)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining Appellant's brief and the record on appeal, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner § 1983 appeal. Appellant filed a complaint

alleging violations of his constitutional rights in connection with the loss of his

manila folders, notes, and blank legal forms. The district court dismissed the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

complaint as legally frivolous and denied Appellant's "Objection of Order of Judgement of Dismissal," which it construed as a Motion to Reconsider.

The district court held that Appellant's due process rights were not violated by the alleged theft of his folders because he could have used the prison grievance procedure to obtain restoration or restitution of his personal property. Order and Judgment of Dismissal, Doc. 10 at 2. Appellant had asserted that he filed a kite to his case manager, but received no response. Complaint, Doc. 3 at 7. Appellant also asserted that the kite he filed was stolen, preventing him from obtaining a grievance form to proceed with the formal grievance procedure. Objection of Order of Judgement of Dismissal, Doc. 11 at 1. Appellant did not assert that he took any further actions to file a grievance, such as questioning the disappearance of the kite or attempting a second time to obtain a grievance form. Thus, the district court held that because Appellant could have used the prison grievance procedure to obtain a remedy, his due process rights were not violated. Order and Judgment of Dismissal, Doc. 10 at 2 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *see also* D.O.C. Admin. Reg. 850-04, Grievance Procedure at IV.D.1.d ("In the event the time limit concerning any step of the [grievance] process expires without a response, the [inmate] may proceed to the next step within five calendar days of the date the response was due.").

The district court further held that to the extent Appellant intended to assert a claim of denial of access to the courts, he failed to allege an actual injury.

Order and Judgment of Dismissal, Doc. 10 at 3. Appellant must show that the alleged theft of his legal materials hindered his efforts to pursue a nonfrivolous legal claim that either attacked his sentence or challenged the conditions of his confinement, *see Casey v. Lewis*, 518 U.S. 343, 355 (1996), and he must describe the underlying legal claim "by allegations in the complaint sufficient to give fair notice to a defendant," *see Christopher v. Harbury*, 536 U.S. 403, 416 (2002). In his complaint, Appellant asserted that the stolen notes related to "vares [sic] lawsuite [sic] and differen [sic] issues and my case I'm in prison for." Complaint, Doc. 3 at 8. Appellant also stated that his folders included "some case law I might not ever find again that will help me fight this 24 year sentence." Objection of Order of Judgement of Dismissal, Doc. 11 at 1. However, Appellant provided no explanation regarding how these materials would assist his case or what legal claims he was hindered in pursuing by the loss of his forms and research. We also note that Appellant did not explain how Appellees were responsible for the alleged loss of his legal materials. Rather, he simply alleged without elaboration that his folders were taken by "a person," "this astabbulishment [sic]," and "someone at DRDC." Complaint, Doc. 3 at 4-6.

After a thorough review of Appellant's brief and the record on appeal, we agree with the district court that none of Appellant's claims are cognizable under § 1983. For substantially the same reasons set forth by the district court in its orders, we **AFFIRM** the district court's dismissal of Appellant's claims. We do,

however, **GRANT** Appellant's motion for leave to proceed on appeal without prepayment of costs or fees, and we remind Appellant of his obligation to make the payments until the entire fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge